## Warfel v. McBarron.

Sheriff's interpleader—Rule for interpleader—Exceptions—Statement of title—Act of May 23, 1923, P. L. 346.

1. Exceptions to a rule for an interpleader, granted upon the petition of a sheriff where chattels levied upon are claimed by a third person, should be filed before the return-day of the rule.

2. In such case, if exceptions are not filed before the return-day, the rule becomes absolute and the clerk of the court must make docket entries accordingly.

3. The claimant is not required to present to the court a sworn statement of title before the rule is made absolute.

Exceptions to rule for interpleader. C. P. Delaware Co., Dec. T., 1920, No. 809.

Elgin E. Weest, for exceptions; Mervyn R. Turk, contra.

FRONEFIELD, P. J., March 31, 1927.—Edward McBarron recovered judgment against Joseph M. Bunce and his wife, and caused personal property to be levied upon. This property was claimed by Mary Warfel, the plaintiff, and the sheriff was so notified.

This proceeding arises out of exceptions filed by Edward McBarron, the plaintiff in the execution, to the petition of the sheriff for an interpleader to determine whether or not the title to the goods levied upon by the sheriff is in Mary Warfel, who claims it. The petition for interpleader was filed Feb. 4, 1927, setting up that the sheriff had been notified of Mary Warfel's ownership of the goods levied upon and that proper notice thereof was given to the interested parties; and that the rule for an interpleader will be made absolute on Feb. 28, 1927, unless exceptions be filed thereto. No exceptions were filed at that time, and the rule for interpleader was made absolute. On the same day, the plaintiff's bond and statement of the source of her title were filed; on March 18, 1927, exceptions to making the rule absolute were filed, setting up that the plaintiff did not, at or before the return-day, present to the court a sworn statement of title required for framing an issue under the Act of May 23, 1923, P. L. 346.

Before the exceptions were filed, the rule had been made absolute, under the Act of May 23, 1923, which provides that: "Said rule for an interpleader shall become absolute at the return-day thereof, unless exceptions thereto, sufficient in law, are filed by any of the parties interested, and the clerk of said court shall make docket entries accordingly, where no hearing is required."

The exceptions should have been filed before the rule was made absolute. They are now dismissed. Defendant has leave to file his affidavit as required by law within fifteen days after notice of a rule on him to file it.

From William R. Toal, Media, Pa.